PETER D. KEISLER
Assistant Attorney General

CHRISTOPHER J. CHRISTIE
United States Attorney
JOHN SILBERMANN, JR.
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
JGS-1187
(973) 645-2700
(973) 297-2010 (facsimile)

JOYCE R. BRANDA
JEANNE E. DAVIDSON
PATRICIA R. DAVIS
DOMENIQUE KIRCHNER
TRACY L. HILMER
U.S. Department of Justice
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(202) 307-0474
(202) 616-3085 (facsimile)

Attorneys for the United States

RECEIVED-CLERK
U.S. DISTRICT COURT

2007 MAY 24  P 3: 28

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | |
| Petitioner, | Civil Action No. 07-2016 |
| v. | |
| AMEC CONSTRUCTION MANAGEMENT, INC. f/k/a MORSE DIESEL INTERNATIONAL, INC., | **ORDER GRANTING** **(1) EX PARTE APPLICATION FOR PREJUDGMENT REMEDIES;** |
| Respondent, | **(2) MOTION FOR LEAVE TO FILE UNDER SEAL; AND** |
| HARRIS TRUST & SAVINGS BANK, JPMORGANCHASE & CO., and THE NEW YORK TIMES BUILDING, LLC., | **(3) MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVERS** **FILED UNDER SEAL** |
| Garnishees. | |

The above-entitled cause having come before the Court upon the United States' Application Under Oath for Prejudgment Remedies to Secure Sufficient Assets of Respondent to Satisfy Summary Judgment Ruling in Favor of the United States, Motion for Leave to File said Application and accompanying papers under seal, and Motion for Appointment of Special Process Servers, and the Court having considered the application and motions and additional information provided by counsel for the United States at the ex parte hearing held upon this matter on May 24, 2007,

NOW, THEREFORE, it is on this __24__ day of May, 2007,

ORDERED that, the United States' Application for Prejudgment Remedies arising from the decision of the United States Court of Federal Claims in Morse Diesel International, Inc. v. United States, No 99-279C and consolidated cases, slip op. (Fed. Cl. Jan. 26, 2007), shall be and hereby is granted, except that the Court shall reduce the amount that the United States has requested to be secured as penalties from $50,000 to $25,000, pending a ruling by the United States Court of Federal Claims on the appropriate penalty amount, and accordingly the Clerk of this Court shall issue Writs of Garnishment to Harris Trust & Savings Bank and to JPMorganChase & Co., and the Clerk of this Court shall also issue a Writ of Sequestration to The New York Times Building, LLC, to secure a total of $7,697,432.60 of AMEC Construction Management, Inc.'s assets, representing the United States' claim for damages in the amount of $6,972,666, and for penalties in the amount of $25,000, and for the ten percent surcharge pursuant to 28 U.S.C. § 3011 in the amount of $699,766.60, and such amounts shall be subject to garnishment and sequestration until further order of the Court. The New York Times Building shall be directed by separate order to deposit the sequestered funds into the registry of the Court; and it is

FURTHER ORDERED that the United States' Motion for the Appointment of Special Process Servers shall be and hereby is granted, and the following Special Agents of the Office of the Inspector General of the General Services Administration shall serve as special process servers to effectuate the remedies set forth in the Writs of Garnishment and Sequestration entered this day: Special Agent William Wollard, Special Agent Robert Tatro, Special Agent Paul Guillory and Assistant Special Agent in Charge Karen Eller; and it is

FURTHER ORDERED that, in accordance with 28 U.S.C. § 3004(c), counsel for the United States shall exercise reasonable diligence, upon effecting service of the writs upon the Garnishees, to serve AMEC Construction Management, Inc. with a copy of all papers, orders and transcripts filed in this proceeding, including the United States' Application, the Notice required by 28 U.S.C. § 3101(d), this Order and the transcript of the May 24, 2007 ex parte hearing; and it is

FURTHER ORDERED that respondent AMEC Construction Management, Inc., shall be afforded a hearing upon the Court's Order granting the United States' Application and issuing the Writs of Garnishment and Sequestration; and it is

FURTHER ORDERED, that if AMEC Construction Management, Inc. and/or one or more of its parent companies supplies satisfactory security in an amount equal to the value of the property subject to the writs granted by this Order, the Court will entertain a motion by AMEC Construction Management, Inc. to dissolve the writs, and the United States shall have an opportunity to respond;

FURTHER ORDERED that the United States shall, promptly upon effecting service of the required papers upon AMEC Construction Management, Inc., advise the Honorable Susan G. Braden of the United States Court of Federal Claims of these proceedings and supply Judge

Braden with a copy of this order and the transcript of the May 24, 2007 ex parte hearing; and it is;

FURTHER ORDERED that the United States' Motion for Leave to File Under Seal shall be, and hereby is, granted, and the Clerk shall maintain all the filings in this proceeding, including this Order, temporarily under seal until further order of the Court, except that the (1) United States shall be required to serve copies of all the papers and transcripts filed in this proceeding upon the respondent, AMEC Construction Management, Inc.; (2) the United States shall serve the Honorable Susan G. Braden of the United States Court of Federal Claims as set forth above and shall be permitted to serve Judge Braden with any other papers, orders or transcripts filed in this proceeding should they be requested; and (3) the United States shall be permitted to serve the following papers upon the Garnishees: the Writs; the United States' Notice of Prejudgment Garnishment and Sequestration and Instructions; the Clerk's Notice of Prejudgment Garnishment and Sequestration; the Garnishees' Answers; the Order Granting the Motion to Deposit Sum of Money with the Court; and this Order.

_____
UNITED STATES DISTRICT JUDGE